## The Bank of Tennessee *v.* McKee.

An appeal from a judgment rendered in an action instituted by plaintiffs for the use of third persons, will not be dismissed because the appeal bond was made payable, and the citation of appeal directed, to the plaintiffs, simply, without mentioning those for whose use the suit was instituted.

An appeal will lie from an order of a judge rendering a judgment of another State executory, though not made in court.

A judgment of another State cannot be rendered executory here, where the transcript of the record shows that a *fi. fa.*, issued on the judgment in the State in which it was rendered, had been levied upon property, but does not show what disposition was made of it.

APPEAL from the District Court of Madison, *Curry*, J. *Amonett*, for the plaintiffs. *Shannon*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The proceedings in this cause are in the name of the *Bank of Tennessee*, and although it is stated in the plaintiffs' petition, that the plaintiffs prosecute for the use of *Folkes*, and *J. J.*, and *William Amonett*, yet we are of opinion that a bond given and a citation issued to the plaintiffs was sufficient to bring the case by appeal before this court. The decree which forms the subject of this controversy was a decree rendering executory a judgment obtained by the bank in Tennessee, against *McKee* and others. *Folkes* and the *Amonetts* are not named as petitioners in the petition. It is filed in the name, and as the petition, of the bank, but contains an averment that the bank sues for the use of those persons. The decree of the court below, after reciting that the plaintiffs sue for the use of *Folkes* and the *Amonetts*, orders that the judgment rendered in Tennessee be made and adjudged executory in this State, and that the property of *McKee* be seized and sold to pay the plaintiffs. There was no express appearance of the usees in the cause, in the court below; but they appear here to move the dismissal of the appeal, upon the ground that they have not been cited, and that no bond has been given. We think the ground for dismissal insufficient.

They also ask the dismissal upon the ground, " that there is no law authorising an appeal from the executory process, or from any other decree granted by the judge at chambers ; that the only remedy is by injunction to bring the matters before the court, from the decision of which an appeal may be taken." This ground also is insufficient. A decree rendering a foreign judgment executory, is a final decree. The case, in this respect, is not distinguishable from an order of seizure and sale. See *McDonogh* v. *Fort*, 14 La. 350.

In the decree rendering the judgment executory there is error. The transcript of the record of the suit in Tennessee shows that a *fieri facias* had issued, and levies had been made upon various lands ; but it is not shown what disposition had been made of the property levied upon. It is impossible to say, upon the evidence, what amount, if any, is due upon the judgment.

It is therefore decreed that the judgment of the court below rendering executory the judgment rendered in Tennessee in favor of the said bank of Tennessee against *McKee*, *Young & Co. et al.*, be reversed and set aside, and the said suit dismissed, with costs in both courts.